New American File Co. *v.* Nicholson File Co.

(*Circuit Court, D. Rhode Island.* June 2, 1887.)

Patents for Inventions — Improved Machine for Cutting Files — Equivalents.

　　Letters patent No. 29,236, were granted July 24, 1860, to Etienne Bernot, and subsequently extended, for an improved machine for cutting files. The purpose of the invention was to keep the edge of the cutting chisel parallel with the surface of the tapered file blank, along the line where the cut was to be made, so that the cut should have an equal depth across the face of the blank. This was accomplished by an adjustable presser-foot or guide, set parallel with the chisel, and bearing on the file blank in a line slightly in advance of the edge of the chisel. As the blank moved along under the presser

foot, a rocking bed yielded as variations in the thickness of the blade might require. In the defendant's machine a fixed presser-foot was used, with an adjustable cutter, in operating which adjustability, however, the cutter and blank were thrown out of parallelism, instead of being kept in the same, as accomplished by the Bernot device. *Held*, that the difference between the two machines was such that the doctrine of equivalents did not apply, and the defendant, therefore, did not infringe.

*W. W. & S. T. Douglas* and *Chauncy Smith*, for complainant.
*Benj. F. Thurston*, for respondent.

COLT, J. In this suit the defendant is charged with infringement of the third claim of letters patent No. 29,236, dated July 24, 1860, granted to Etienne Bernot for an improved machine for cutting files. The patent was confirmed by act of congress July 16, 1862, and was extended for seven years from July 24, 1874. The plaintiff derived title to the patent by assignment, December 1, 1876. In cutting files it is important that the edge of the chisel be parallel with the surface of the blank along the line where the cut is to be made, so that the cut shall have an equal depth across the face of the blank. To understand the Bernot invention, it is necessary to refer to patent No. 8,199, issued to John Crum, July 1, 1851. The feature of the Crum invention was the introduction into a file-machine of what is called a rolling bed, which is a supplementary semi-cylindrical bed, capable of rocking, placed in the main bed of the machine. This rocking bed permits the file blanks, which are tapering from heel to point, always to present a surface parallel to the cutting edge of the chisel. The Crum machine was also provided with a presser-foot for holding the blank down in the rolling bed. In the Crum machine the edge of the chisel brought the file blank on the rocking bed into parallelism with the chisel, and also cut the teeth. Bernot conceived the idea that by making the presser-foot or guide adjustable, so that it could be set parallel with the chisel, he could secure the necessary parallelism between the cutting tool and the file blank, and thus relieve the chisel from the double duty it imperfectly performed in the Crum machine. Bernot employs an adjustable presser-foot, set parallel with the chisel, and it bears on the file blank in a line slightly in advance of the edge of the chisel. As the blank moves along under the presser-foot, the rocking bed yields, as may be required, by variations in the thickness of the blank.

The third claim of the patent, which is the only one in controversy, is as follows: "In the arrangement of a guide set parallel to the graver, as hereinbefore described, and referred to in figures 1 and 2, drawing 2." In the Nicholson machine the parallelism between the cutter and the blank is brought about by proper grinding before the cutting tool is set in its holder. Should the cutting tool prove slightly imperfect, or become so in use, so that its edge is not parallel to the line across the blank, then an adjustment is made by turning tool slightly in a vertical plane; but the result of any such adjustment is to throw the edge of the tool and the presser out of parallelism. In Bernot's machine the parallelism between the cutter and the blank is brought about by adjusting the

presser-foot. In the Nicholson machine the presser-foot is fixed, and the adjustability belonging to the cutter is an adjustability which operates, not to bring the cutter and blank into parallelism, but to throw them out of parallelism. The main feature of the Bernot machine of adjusting the presser-foot in a horizontal plane, so as to make it parallel with the cutter, is wanting in defendant's device.

The contention of the plaintiff that the third claim of the Bernot patent covers every machine in which the presser-foot or guide is set parallel with the chisel, it seems to me, cannot be sustained. Claim 3 is for "the arrangement of a guide set parallel to the graver, as hereinbefore described," etc. The claim must be construed with reference to the specification and drawings. It is the means or mechanism by which a certain result is accomplished, that is covered by the patent, and the question is whether the defendant accomplishes the same result by substantially the same or equivalent means. In view of the radical difference between the two machines already pointed out, I am satisfied the defendant does not infringe; and this disposes of the case, without rendering it necessary to consider the other defense which is raised.

Bill dismissed, with costs.